UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 21-60148-CR-ROSENBERG/STRAUSS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

EDUARDO ACHING,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

THIS CAUSE is before the Court on an Order of Reference (ECF No. 14) from United States District Robin L. Rosenberg, for the purpose of conducting a proceeding for acceptance of a guilty plea by Defendant Eduardo Aching in the above-referenced case. On July 13, 2021, I conducted a Change of Plea hearing, attended by Defendant, his counsel Assistant Federal Public Defender Peter Birch, and Assistant U.S. Attorney Marc Anton. I hereby REPORT and RECOMMEND to the District Court as follows:

1. At the outset of the hearing, I advised Defendant of his right to have these proceedings conducted by the District Judge assigned to the case. Further, I advised Defendant that I was conducting the Change of Plea hearing on an Order of Reference from the District Judge. I further advised Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence.

2. I advised Defendant that he did not have to permit me, a United States Magistrate Judge, to conduct this hearing and could request that the Change of Plea hearing be conducted only

1

by a United States District Judge.  Defendant, Defendant's attorney, and the Assistant United States Attorney assigned to the case all agreed on the record and consented to me conducting the Change of Plea hearing.

3. I conducted a plea colloquy in accordance with the outline set forth in the Bench Book for District Judges and Rule 11 of the Federal Rules of Criminal Procedure.

4. The Parties have entered into a written Plea Agreement.  ECF No. 15.  I reviewed the Plea Agreement on the record and had Defendant acknowledge that he signed and understood the Plea Agreement.  I also made certain that Defendant was aware of any applicable mandatory minimum sentences (there are none) and statutory enhancements (there are none).  I advised Defendant of the maximum sentence that could be imposed in this case pursuant to the Plea Agreement and the applicable statutes.  Defendant acknowledged that he understood the possible maximum penalties (including fines, supervised release, restitution, forfeiture, and special assessments) that could be imposed in this case.

5. Defendant pleaded guilty to the one-count Indictment, which charges him with operating an aircraft in air transportation without a valid airman's certificate, in violation of 49 U.S.C. § 46317.

6. The Parties provided a signed, agreed written factual basis for the entry of the plea (ECF No. 16), which includes all the essential elements of the crime to which Defendant is pleading guilty and any statutory sentencing enhancements and/or aggravating factors that may be applicable (there are none).  Defendant acknowledged on the record that he had read and signed the written proffer, agreed that the facts set forth in the proffer were true and accurate, and agreed that the proffer included the essential elements of the offense to which he is pleading guilty.

7. I advised Defendant about the possible immigration and other collateral

consequences of his guilty plea.

8. Defendant expressed satisfaction with his counsel's representation.

9. Defendant has been referred to the U.S. Probation Office for the preparation of a pre-sentence investigation report.

Based on all the foregoing and the plea colloquy, I **RECOMMEND** that Defendant, Eduardo Aching, (1) be found to have freely and voluntarily entered his guilty plea to operating an aircraft in air transportation without a valid airman's certificate, in violation of 49 U.S.C. § 46317, (2) that his plea of guilty be accepted, and (3) that he be adjudged guilty of this offense. I further recommend that a sentencing hearing be conducted for final disposition of this matter.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Robin L. Rosenberg, United States District Judge. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of any issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 13th day of July, 2021.

Jared M. Strauss
United States Magistrate Judge

CC: Hon. Robin L. Rosenberg
U.S. Probation
All counsel of record